Okay, the next argued case is number 16, 1042 Western States Federal against the Department of Veterans Affairs. Mr. Behrens. Thank you very much, Your Honor. Good morning. If it pleases the court, I want to address one issue right off the bat and that's the standard of review. It's a strictly a issue of law. It's about jurisdiction. It should be looked at de novo. We're looking at the scope of our prior order, right? Scope, yes. So we get to determine what the scope of our prior order means? Yes. But now the review of the CBCA's order of dismissal, the second order of dismissal, is reviewed de novo. And the only point I'm trying to make is that the VA has cited cases. We're talking about contract provisions and reimbursement of costs. We're not involved with that here. It's strictly an issue of law. Let me ask you this. Our order says what it says and your view is that because we just vacated and sent it back, you could cure the defect back before the board. Could we have written in a way, if we had wanted to, that wouldn't have permitted you to cure the defect? As far as retroactive effect? Yes, you could have. So if hypothetically we had said the last time around, you know, we see these issues. We agree with the board that you don't have standing because you're not in good standing and can't pursue it as an LLC. And so we affirm that part. But we think there may be an issue of whether you can have standing as an incorporated association. So we remand for the limited purpose of doing that. And you're talking about under 17B3A? Right, right. So we send it back and tell the board you're affirmed on no standing as an LLC, but look at this alternative legal ground. If we did it that explicitly in that way, the board would be correct in saying we're not going to look at whether you cured yourself as an LLC because the only issue before us is whether you were properly an incorporated association. I'm not trying to trap you here. I'm just worried that if we agree with you, we're limiting our powers on remands and effectively opening up cases to everything when we send them back. It may be that we didn't write our order here properly, or it may be that we intended to let you cure on remand. But I just want to make sure that the gist of your argument isn't going to limit our authority to do a very limited remand if we had written that. You know, I still think there's an issue of retroactive effect. Once the prior order dismissal was vacated, there was no final order. Okay, but let me ask you this, and I know this isn't the order, but hypothetically we said we affirm the conclusion that whatever your company's name lacks standing to pursue this as an LLC. That's affirmed. That's a final judgment. But we vacate and remand for the express and limited purpose of determining whether it has standing as an unincorporated association. When it goes back, can't we limit the view to that unincorporated association issue? And even if you do rescue yourself as an LLC, that issue is a final judgment. It's affirmed. It's no longer before the court. I think there's a way to craft the mandate that comes from this court back to the CBC. And it just wasn't, in your view, done here in this case. I think in this case, because the order was vacated, there was no final order. And that was the primary point made by the VA that the cases that we cited, chance enterprises and system integration, where it talks about retroactive effect, once you've cured the defect, the payment of taxes, you're in good standing. And Delaware law is very clear that it's retroactive back. It just cures any prior defect. So in this particular case, because the mandate was to vacate the prior order, there was no pending final order. So the cases of chance and system integration, I think, are right on point. But to go to this specific issue that you're addressing, 17B3A, Federal Rules of Civil Procedure, we believe that the exception applies because if the court holds there's no retroactive effect. But we don't have to get there if we determine that we vacated everything and you are allowed to essentially cure your defect. Because it's a corporation in good standing. That's correct. So it's really an alternative approach. If you find that there's retroactive effect of good standing, then yes, western states, federal contracts, they can go forward. Because under Delaware law, it's allowed to maintain its suit. If you determine that there's not retroactive effect, so going under that issue, then the exception applies because western states does not have capacity under Delaware state law. And that's exactly what 17B3A says. We've cited a number of cases. I'm going to run through just a couple of them. Because in the VA's brief, they try to distinguish these cases. But there's a multitude of cases that hold that one, an LLC is an unincorporated association. And two, that it is permitted to go forward and prosecute that action, even if state law would not permit it. So Malibu media, Ohio law, wouldn't permit it to go forward. The LLC, because it wasn't registered as a foreign LLC, and the court held it's pursuing a substantive right, it can go forward. The Malibu media case distinguished alpha waste systems and there they held it was an LLC, was an unincorporated association. But because all the claims were state law claims, it was still dismissed. But that does not negate at least the holding that the LLC was an unincorporated association. There's Zufa v. Thomas, that's a district of Maryland, 2012. Maryland law said you had to register to do business in the state. There they were suing the anti-piracy and copyright claim. It was a federal claim. And the court said, as planned as an LLC, the court need not address whether it has capacity to pursue under Maryland law. It must only consider whether it has sued to enforce the substantive right existing under federal law. Well, let's assume for the few minutes of this your client in order to proceed. The government nonetheless argues that in that case you have other problems. And particularly they point out all of the various issues of failure to prosecute and so on. I think it would be helpful, at least to me, if you would comment on whether you think those issues are before us and what the response might be. The answer is no. The basis for the initial dismissal was the failure to pay the taxes of being in good standing. There were certainly a number of directives and orders from the CBCA before the first dismissal order, pay your taxes, the taxes were not paid, there was a dismissal. But that dismissal has been vacated. Again, we filed a motion to reconsider and the court denied it because it held even though the taxes were paid, that wasn't a basis for reconsideration under rules 26A and 27A. But again, because the initial dismissal order was vacated, those prior orders are not in effect and the motion for reconsideration is irrelevant. Because now we're back to a fresh slate with a vacated order and the question now is, does this again, if you determine that there is no retroactive effect, then it should be permitted to pursue the substantive claim under federal law, which is the Contract Disputes Act, it's claims against the Veterans Administration. And what happens to these defenses? You think that they're just off the table? You mean as far as the court's prior directives to pay the taxes? No, the only argument on the merits, which has been raised, as I recall, by the government, is that there was a failure to prosecute. No, it wasn't a failure to prosecute, it was a failure to pay the taxes. That was the basis for the initial dismissal. Missed deadlines in the course of the proposal to cure these defects. One point is that case initially was filed by my client alone, Western State Federal Contracting, without an attorney. We'd actually filed a separate case and the court of claims didn't know he filed the suit. But irrespective of that, the basis for the initial dismissal order has been vacated. So all of those rulings, and we've said in our motion to reconsider that now that there's counsel that's available, we respond to inquiries and all the interrogatories, requests for production, whatever was propounded. But that's, again, not the issue we're looking at because the prior dismissal order was vacated. It's a nullity. We ended up dismissing it because it's either or. You filed in the board first. The board was filed first, that's correct. And unbeknownst to the attorneys, it was, I could say, not a smart thing to do, but we pursued it in that fashion. I want to go through one more point. I do want to save time for rebuttal. The Lundquist case. There, the School of Medicine did have the power to sue and be sued, but only by the Board of Regents. So what the Lundquist case held is there's a more basic reason the exception in 17b3a doesn't apply. And that is because the School of Medicine did have capacity to sue or be sued, but it had to be by the Board of Regents. The plaintiff had just sued the wrong party. So the board mistakenly, I believe, said the exception applies only when it, being the LLC, has absolutely no right under the law of the state where the court is located. And that's not what the cases hold. It's not that there's absolutely no right to sue, it's that this particular LLC did not have capacity to sue under a particular state's law. So we believe that the board got this improperly, the Lundquist case was read improperly, and even the Lundquist case said why the exception didn't apply, because the plaintiff sued the wrong party. I'd like to save my time, Your Honors. Your Honor, may it please the court. The court should affirm the board's decision because the and appropriately concluded, based upon the text of Federal Rule 17b3a, that Western states would not have possessed standing at the time that its appeal was initially dismissed, because it was not an unincorporated association, as that is understood commonly under federal case law. And two, even if it could be considered an unincorporated association, in accordance with the plain language of the rule, it did not have no such, it did not have, which requires that it have no such capacity under that state's law, that was not the case. But then were laws explicit that this could be cured retroactively? Your Honor, in terms of the question of retroactivity, we understood the purpose, the reason we initially asked for the remand was because when the case was initially before the board, the VA requested dismissal, citing the law of corporations, and the board never considered whether the fact that it was a limited liability company would make a difference in terms of capacity. And so the appeal that was, that it had never considered the law applicable to limited liability companies. As it came up on appeal, it looked to us like that 17b3a might make a difference. So at that time we knew. So you asked for a limited remand? Yes, Your Honor. But you didn't get a limited remand? Your Honor, we understood the court's remand at page 68 to say, 68 of the joint appendix. We explained to the court the situation that the board had not considered this particular provision of law. Sure, I get that. I mean, maybe the problem is you weren't specific enough in what you asked for. Maybe we just didn't give it to you. But I mean, the portion of the order that's relevant is the CBCA's decision is vacated and it's remanded for additional proceedings consistent. It doesn't say the CBCA's decision is affirmed with respect to the no standing, but remanded for the limited purposes of determining standing under this provision. The CBCA says that the court in interpreting, which is de novo, in interpreting the scope of the remand, that it looks to the spirit of the remand and also the opinion. And the opinion says the CBCA did not consider whether Western had standing under federal rules, civil procedure 17b3a as an unincorporated association. And that was consistent for what we had asked for in the order, which our initial proposed order was at the joint appendix 260, which was that the court address the issue raised by Western states whether federal rules, civil procedure 17b3a permitted Western states to file an appeal before the CBCA to enforce a substantive right existing under the United States Constitution or laws regardless of a lack of capacity. Certainly, at that time, there would have been no purpose to asking for the remand. The problem is we didn't assign your proposed order. Your proposed order seems to do exactly what you're saying we should do and to be limited. But I don't see our order as being that narrow. Well, Your Honor, then there seems to be no purpose for why the court would have said whether Western state had standing under federal rule of civil procedure 17b3a. It seems like the court understood what we were asking it to do and did, looking at least at the opinion, did ask that. And that's certainly how the board understood it as well. In terms of the nature, let me ask you this. I mean, this may be just unfortunate way we wrote the order. We may have actually intended to be broader. I mean, I think we have to read on its face. But if we determine that it doesn't foreclose this correction on remand or the reestablishment of good standing on remand, then we don't have to reach this association issue, do we? No, I mean, unless they've fallen out of good standing. Because you agree that they reestablished good standing. As far as we know, as of April 17, 2015, they at least said in the remand proceeding that they had established good standing. And so I don't know what's happened after that. But it would appear they had reestablished their good standing. Your Honor, in terms of the actual issue, the court did appropriately read the text of federal rule 17b3a. The requirements, they applied the definition of an unincorporated association as established under federal case law, looking at what an unincorporated association is, and then also said even if they could be considered an unincorporated association, it would have to be with no such capacity under that state's law. And applying the plain language of the rule, the court held that Western states did not meet those requirements at that time. Again, this was not a company that didn't have a shot. This was intended to address a narrow question. As the court has recognized, they had over 10 months when this matter was initially proceeding before the board to have cured this. This was, just given the context, intended to give them the benefit of the doubt on this narrow question because the VA had cited the incorrect law before the civilian board. If the court has no further questions, you respectfully request that the court affirm the board's decision. Thanks. Okay, thank you, Ms. Speck. Thank you, Your Honor. A couple of points. One, the definition of LLC that was applied. Let me ask you this. I mean, I think our order is not altogether clear, but I think it's pretty, I mean, it's pretty easy to read it more broadly and not as limited as the government would like. But doesn't that, I mean, that helps you in your case, but doesn't that provide kind of a disincentive to the government in the future to agree to remands to resolve issues that weren't resolved? Because if we say, look, this order opens up everything, even though the government only agreed to limit it for this, to remand for this limited purpose, the government's just going to stop agreeing to joint remands altogether. And they're going to make you and the court go through the process of considering the case on the merits and then we might have affirmed the decision as to lack of standing as an LLC, but vacated and remanded for only that limited purpose. And so it would have gotten a clearer order. And so I understand your arguments here, and maybe this is something to deal with in future cases, or maybe we just need to write better orders. But it does seem to me that if we agree with you that this order, in response to the government's motion, which was intended to be very limited, opens up the whole case, then the government's never going to file these motions ever again. I think a couple of points. One, the CBCA's initial dismissal order was just wrong. It was decided on 17B2 for corporations. Well, that's not answering my question. I mean, they filed an unopposed, I think you, was it a joint motion or was it an unopposed motion to determine what the purpose of the motion was. And now because we had, and if we had written it, if we had signed the order that they proposed, I think you'd be out. But because we wrote a different order than the one you agreed to, you have a chance to come back. And I understand, I mean, you're arguing for your clients to stay in court and perhaps they should get it, but the board also has its right to insist on following its rules. And if you don't, after several requests, establish that you're in good standing, I think they would be entitled to dismiss it. So it troubles me that we're going possibly to let you have another shot after multiple attempts and failures to re-establish good standing just because we wrote the order badly. And to address it in the future, I think the orders can be more carefully drafted, so it would take care of future issues and the concerns I think you're raising. But the other issue is, again, that would only address the retroactivity issue. You would still have the 17B3A issue, even if it was a straight appeal on a remand. So again, there are alternative issues. I think the concern you're raising can be addressed. But in this particular case, there was a vacating of the order. It just starts things new. And as far as equity goes, there was no attorney. And I was surprised as hell when I found out that there was a dismissal of another case I didn't know about and I wasn't told about by the VA, even though they knew we were pursuing another case. So that was strange for me. As far as the definition that the CBCA used for defining LLCs, they got a quote out of a couple of Ninth Circuit cases that required LLCs to not have a charter, to have to be two or more people as part of an association. There is absolutely no case I've found that has held an LLC is not an unincorporated association because it had a charter. And we've decided a multitude of cases that an LLC is an unincorporated association. And again, if you hold that there's no retroactivity, then Western states had no capacity to sue under Delaware law, which makes the exception applicable because they're pursuing the substantive claim under the Contract Disputes Act. Does the court have any questions? Any more questions? Thank you very much.